DIS:USAO2014R00084

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA : | CRIMINAL NO. CCB-14-0166 |
| v. : | (Bank Fraud (18 U.S.C. § 1344); Aiding and Abetting (18 U.S.C. § 2) Forfeiture, (18 U.S.C. § 982(a)(2)(A)) |
| DUANE AKUFFO, : | |
| Defendant. : | |

...oooOooo...

## INFORMATION

The United States Attorney for the District of Maryland charges that:

### COUNT ONE

1. At all times relevant, the State Employees' Credit Union of Maryland ("SECU"), Navy Federal Credit Union ("Navy FCU"), Education Employees Federal Credit Union ("Education Employees FCU"), Security Plus Federal Credit Union ("Security Plus Federal"), and NASA Federal Credit Union ("NASA FCU") (collectively referred to as "the credit unions") were financial institutions whose deposits were insured by the National Credit Union Administration ("NCUA").

### The Scheme to Defraud

2. Between at least in or about June 2010 through in or about August 2012, in the District of Maryland, the defendant,

**DUANE AKUFFO,**

with others known and unknown, devised and engaged in a scheme and artifice to defraud one or more of the credit unions, which were insured by NCUA, and to obtain moneys, funds, credits,

1

assets, securities, or other property owned by or under the custody or control of the credit unions, by means of materially false or fraudulent pretenses, representations, and promises.

3. It was part of the scheme and artifice to defraud that **AKUFFO** recruited individuals to present automobile loan applications to the credit unions for the purchase of certain luxury automobiles that the applicants never actually contracted to purchase.

4. It was further part of the scheme and artifice to defraud that **AKUFFO** and others caused the applicants to make materially false and fraudulent statements about the applicants' income and employment on the automobile loan applications in order to persuade the credit unions to approve the loan applications.

5. It was further part of the scheme and artifice to defraud that **AKUFFO** and others caused the applicants to present false and fraudulent pay stubs in support of the automobile loan applications.

6. It was further part of the scheme and artifice to defraud that **AKUFFO** and others caused the applicants to present false and fraudulent "Used Vehicle Buyers Orders" to the credit unions which falsely claimed that the applicants had contracted to purchase the luxury automobiles included on the loan applications.

7. It was further part of the scheme and artifice to defraud that **AKUFFO** and others caused the applicants to present false and fraudulent verifications of insurance coverage to the credit unions which falsely claimed that Progressive Insurance or some other insurance company had insured the luxury automobiles referenced on the loan applications.

8. It was further part of the scheme and artifice to defraud that **AKUFFO** caused at least sixteen (16) materially false loan applications requesting at least $500,000 in loan proceeds to be submitted to the credit unions during this scheme.

9. It was further part of the scheme and artifice to defraud that, as a result of the materially false information provided by **AKUFFO** and others on the loan applications submitted to the credit unions, **AKUFFO** caused the credit unions to issue over $350,000 in loan proceeds.

10. It was further part of the scheme and artifice to defraud that **AKUFFO** and others involved in this scheme divided the loan proceeds among themselves for their personal use.

## Execution of the Scheme to Defraud

11. On or about March 26, 2012, in the District of Maryland, the defendant,

**DUANE AKUFFO,**

with others known and unknown to the grand jury, did knowingly and willfully execute and attempt to execute the scheme to defraud as set forth above, in that **AKUFFO** caused A.B. to submit an automobile loan application with materially false information to Navy FCU in the amount of $36,000, which resulted in Navy FCU issuing loan proceeds to A.B. in the amount of $31,568.

18 U.S.C. § 1344
18 U.S.C. § 2

## **FORFEITURE**

The United States Attorney for the District of Maryland further charges that:

1. Pursuant to 18 U.S.C. Section 981(a)(1)(C) and 28 U.S.C. Section 2461(c), upon conviction of an offense in violation of 18 U.S.C. § 1344 as alleged in Count One, the defendant,

## DUANE AKUFFO

shall forfeit to the United States of America all property, real and personal, which constitutes and is derived from proceeds traceable to the scheme to defraud.

2. If any of the property obtained as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title

21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

18 U.S.C. § 981(a)(1)(C); 18 U.S.C. § 1956(c)(7); 18 U.S.C. § 1961(1); 28 U.S.C. § 2461(c); Rule 32.2(a), Fed. R. Crim. P.

*Rod Rosenstein BY: DIS*

Rod J. Rosenstein
United States Attorney